**In the United States Bankruptcy Court for the District of Kansas**

In re: Barry John Brautman
      Suzanne Ellen Brautman,

    Debtors.
_____/

Case No. 17-20400

**United States Trustee Samuel K. Croker's Objection to Motion to Vacate Order Dismissing Case and to Reinstate Bankruptcy Case**

**1. Preliminary Statement**

In deciding if grounds exist to vacate the order of dismissal, the Court faces only one issue:

> Under F. R. Civ. P. Rule 60(b), Debtors must show one of the enumerated reasons exists to vacate the dismissal. But the only reason the Debtors provide is that post-dismissal they have now filed their schedules. They have not identified how that satisfies Rule 60(b) or whether exceptional circumstances exist. Should the Court deny their motion?

Yes. The Court gave Debtors four extensions to file their schedules. They missed the last deadline, and then didn't file schedules until ten days after the Court dismissed the case. Debtors' delay has prejudiced the estate and creditors. The case should remain closed.

**2. Background**

On March 14, 2017, the Brautmans filed a Ch. 7 bankruptcy petition.[1] The petition did not include any schedules. On March 15, the Court entered an

---

[1] Docket No. 1.

order giving the Brautmans 14 days to file schedules.[2] On March 29—the 14th day—the Brautmans filed the first of four motions to extend the deadline for filing schedules,[3] all of which the Court granted.[4] Under the fourth extension, the Brautmans had until May 10 to file schedules. They missed that deadline and did not ask for another extension.

In the meantime, the Debtors did not appear at the first meeting of creditors, which was scheduled for April 13, 2017 at 10:00 a.m. As a result, Ch. 7 Trustee Patricia Hamilton re-scheduled the meeting to May 16, 2017.

On May 16, even though they had not yet filed schedules, Debtors did appear at their continued meeting of creditors. At the meeting, Debtors' counsel stated that the schedules were about 95% complete and would be filed the next day. Because the Debtors had not filed their schedules, Trustee Hamilton continued the meeting to June 15, 2017.

In the meantime, also on May 16, Crocker filed a Motion to Dismiss because the Debtors hadn't filed schedules.[5] The same day, the Court entered an order dismissing the case because the Debtors hadn't complied with the Court's previous orders and because they hadn't filed required documents.[6]

---

[2] Docket No. 4.
[3] Docket Nos. 10, 16, 20, and 27.
[4] Docket Nos. 11, 17, 21, and 28.
[5] Docket No. 33.
[6] Docket No. 36.

On May 26, 2017—73 days after the case was filed—Debtors filed their schedules.[7] The same day, Debtors filed their Motion to Vacate.[8]

**3. Argument**

To succeed on their motion, Debtors must satisfy Fed. R. Civ. P. 60(b), which applies in bankruptcy under Fed. R. Bankr. P. 9024. Rule 60(b) provides six bases for vacating an order. But the only reason the Debtors provide for vacating the dismissal and reopening the case is that they have now filed schedules. They have not identified how this satisfies Rule 60(b), nor can they.

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."[9] "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal."[10]

Debtors have not identified which, if any, subsection of Rule 60(b) they seek to employ for the relief being requested. One must assume that they are seeking relief under the catch-all provision of clause 6, which provides for any other reason that justifies relief. "Clause (6) of Rule 60(b) provides that relief may be granted for any other reason justifying relief from the operation of the

---

[7] Docket No. 38.
[8] Docket No. 39.
[9] *In re Mitchell*, 554 Fed. App. 758, 760 (10th Cir. 2014) citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (quotation omitted).
[10] *Id.*

judgment."[11] Rule 60(b)(6) has been described as a 'grand reservoir of equitable power to do justice in a particular case."[12] "However, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice."[13] The Tenth Circuit has found such extraordinary circumstances to exist when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable.[14]

Here, Debtors have not shown any unanticipated intervening change of circumstances. The only event not contemplated by Debtors was that the case would be dismissed for failing to comply with the Court's order and their statutory duties. And that is not the kind of intervening event contemplated by Rule 60(b)(6). Debtors could have sought another extension of time to file schedules when they could not meet the May 10, 2017 deadline. Rather, they did nothing to address this issue. Therefore, it should not have been a surprise to them that the case would be dismissed. "[T]he broad power granted by clause (6) is not for the purpose of relieving a party from free,

---

[11] *Cashner v. Freedom Stores*, 98 F.3d 572, 579 (10th Cir. 1996).
[12] *Id.* (citing P*ierce v. Cook & Co.,* 518 F.2d 720, 722 (10th Cir. 1975)) (internal quotation marks omitted).
[13] *Id.* (citing L*yons v. Jefferson Bank & Tr., 994* F.2d 716, 729 (10th Cir. 1993)).
[14] *See, e.g.,* S*tate Bank v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1081 (10th Cir. 1996) (upholding 60(b)(6) relief and agreeing with bankruptcy court's conclusion that "the circumstances of the case had changed significantly since" the judgment).

4
Case 17-20400   Doc# 47   Filed 06/19/17   Page 4 of 6

calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests."[15]

This case was pending 73 days without schedules being filed. The delay was prejudicial to the estate and creditors. Debtors should not be rewarded for their lack of diligence by vacating the order of dismissal.

## 4. Conclusion

Debtors have failed to demonstrate any exceptional circumstances to warrant vacating the order of dismissal. As a result, the Court should deny the motion to vacate the dismissal order and reinstate the case.

Respectfully submitted,

SAMUEL K. CROCKER, U.S.TRUSTEE

BY *s/ Richard A. Wieland*
RICHARD A. WIELAND
Attorney #12294
301 North Main, Suite 1150
Wichita, Kansas, 67202
316-269-6214
316-269-6182 FAX
Richard.Wieland@usdoj.gov

---

[15] *Cashner*, 98 F.3d at 580 citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2864, p. 359 (citing *Ackermann v. United States*, 340 U.S. 193, 198, 71 S. Ct. 209, 211 (1950)).

## Certificate of Service

I hereby certify that on June 19, 2017, a true and correct copy of this document was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

Further, I certify that a copy of this document was forwarded via U.S. Mail, first-class postage prepaid and properly addressed to:

Barry John Brautman
Suzanne Ellen Brautman
9644 Meadow Lane
Leawood, KS 66206

*s/ Richard A. Wieland*
RICHARD A. WIELAND